IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| CLAUDE OWEN WILSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:21CV613–HEH |
| ) | |
| HAROLD W. CLARKE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**
**(Dismissing Habeas Petition Without Prejudice)**

Petitioner, proceeding *pro se*, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. By Memorandum Order entered on November 16, 2021, the Court informed Petitioner that because he is challenging his state convictions, he must file a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court further advised Petitioner that in the United States District Court for the Eastern District of Virginia, all *pro se* petitions for writs of habeas corpora must be filed on a set of standardized forms. *See* E.D. Va. Loc. Civ. R. 83.4(A). The Court mailed Petitioner the standardized form for filing a § 2254 petition and directed him to complete and return the form to the Court within eleven (11) days of the date of entry hereof. The Court warned Petitioner that the failure to complete and return the form in a timely manner would result in dismissal of the action. *See* Fed. R. Civ. P. 41(b).

More than eleven (11) days have elapsed since the entry of the November 16, 2021 Memorandum Order and Petitioner has not completed and returned the standardized

§ 2254 form that was provided to him. Rather, on December 2, 2021, the Court received from Petitioner an Objection to the Court's Order to File on Standardized § 2254 Forms (ECF No. 6) and a Motion to Amend the § 2241 Petition (ECF No. 5).

The Motion to Amend the § 2241 Petition must be denied for two reasons. First, Petitioner fails to submit a copy of his proposed amended petition, or copies of all of the attachments that he purports to append to it. Litigants may not spackle new allegations or parties onto the original petition. *See Williams v. Wilkerson*, 90 F.R.D. 168, 169–70 (E.D. Va. 1981). When a plaintiff seeks leave to amend his petition, "a copy of the proposed amended pleading, and not simply the proposed amendment, must be attached to the motion." *Id.* at 170.

The second, and arguably more important, reason why the Motion to Amend must be denied is because, as the Court previously explained to Petitioner, a 28 U.S.C. § 2241 petition is the wrong procedural vehicle for him to challenge his state court detention. *See In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016) ("[R]egardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant the judgment of a State court' should be treated 'as applications under section 2254' . . . even if they challenge the execution of a state sentence."). Petitioner's latest submissions make clear that he is in custody pursuant to the judgment of the Circuit Court for Williamsburg/James City County, Virginia. (*See* ECF No. 6 at 1.) Consequently, a petition pursuant to 28 U.S.C. § 2254 is the appropriate vehicle for him to raise his current claims. *In re Wright*, 826 F.3d at 779.

Therefore, it would be inappropriate for the Court to allow Petitioner to amend a petition that was not properly filed in the first instance. Petitioner's Motion to Amend the § 2241 Petition (ECF No. 5) will be denied. Similarly, his Objection to the Court's Order to File on Standardized § 2254 Forms (ECF No. 6) will be overruled.

Petitioner was given an opportunity to submit a § 2254 Petition on an appropriate form; however, he has failed to comply with the order of this Court. Accordingly, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b). Petitioner may file a new 28 U.S.C. § 2254 petition on a standardized form if he so desires.

A certificate of appealability will be denied.

An appropriate order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Jan. 5, 2022
Richmond, Virginia